# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **O.D.**

**No. 24-712** (Mason County CC-26-2023-JA-11)

**FILED**

**May 15, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

During a portion of the underlying abuse and neglect proceedings involving O.D., the petitioners provided foster care for the child.[1]  The circuit court denied the petitioners' motion to intervene in those proceedings, but it provided them with a meaningful opportunity to be heard as to O.D.'s best interests at the hearing to establish his permanency plan.  After the court's October 29, 2024, determination that it was in O.D.'s best interests to be placed with his paternal grandmother, Respondent C.C., for adoption by her, the petitioners appealed to this Court, challenging both the circuit court's permanency decision and its earlier denial of their motion to intervene.  Upon consideration of the parties' written and oral arguments, the appendix record, and the applicable law, we find that the petitioners' appeal from the order denying them intervenor status is untimely and that they lack standing to challenge the court's permanency decision.  Accordingly, a memorandum decision dismissing this appeal is appropriate.  *See* W. Va. R. App. P. 21.

The DHS initiated abuse and neglect proceedings in January 2023, alleging that O.D.'s parents were addicted to drugs, did not have appropriate housing, and were noncompliant with services.  The child's maternal grandmother, M.M., was also a named respondent.  O.D. was removed from the home and initially placed with his maternal grandfather (who was not married to M.M.).  For reasons not clear from the record,[2] that placement became inappropriate.  Although C.C. requested placement of O.D., because she was then living in North Carolina, the DHS informed her that a home study would first need to be performed under the Interstate Compact on the Placement of Children.  O.D. was therefore placed with foster parents, the petitioners, on July 28, 2023.

---

[1] The petitioners appear by counsel Jacquelyn Stout Biddle and Sara E. Chapman, the respondent grandmother C.C. appears by counsel Leah Perry Macia, and counsel Tanya Hunt Handley appears as the child's guardian ad litem ("guardian").  The West Virginia Department of Human Services ("DHS") appears by Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda.  Further, we use initials where necessary to protect the identities of those involved in this case.  *See* W. Va. R. App. P. 40(e).

[2] Because the petitioners were denied intervenor status and, consequently, access to the confidential circuit court file, the appendix record is necessarily limited.

1

Meanwhile, O.D.'s parents participated in improvement periods, but they were unsuccessful in remedying the conditions of abuse and neglect, and their parental rights to O.D. were terminated in September 2023. M.M., however, continued in an improvement period, and the permanency plan for O.D. was reunification with her, with a concurrent permanency plan of placement with C.C. M.M. eventually recognized that her work schedule prevented her from accepting permanent placement of O.D., so C.C., who by then had moved to West Virginia, became the primary permanency plan. Initially, the circuit court granted C.C. visitation with O.D. for one night each week. That visitation progressed, and by April 2024, O.D. was spending Monday to Thursday with C.C. and Thursday to Monday with the petitioners.

As the permanency hearing neared, the petitioners moved to intervene. Although the petitioners were never a concurrent placement plan for O.D., they asserted that it would be in his best interests to remain in their home for permanent placement and adoption. So, the petitioners requested intervention and that O.D.'s placement not be determined until they were afforded a meaningful opportunity to be heard.

By order entered August 20, 2024, the circuit court denied the petitioners intervenor status but found that they were entitled to "a meaningful opportunity to be heard, which shall include the right to call witnesses and cross-examine witnesses called by the [p]arties as pertaining to the best interests of the child related to establishing permanent placement." The court made clear, however, that the petitioners were "not entitled to any additional discovery or access to the [c]ourt records."

The circuit court held a permanency hearing on August 26 and 28, 2024. The petitioners testified and called various witnesses to testify on their behalf. C.C. testified and called a witness on her behalf. The guardian stated that it was in O.D.'s best interests to be placed with C.C. for adoption by her, and the DHS stated that it shared that position. On October 29, 2024, the court entered an order concluding that C.C.

> is a "suitable adoptive parent" and, further, that the statutory presumption that that placement of [O.D.] with his paternal grandmother[, C.C.,] for adoption is in his best interest has not "been overcome as," the record reviewed in its entirety establishes that such placement is, in fact, in the best interests of the child.

*See* W. Va. Code § 49-4-114(3) (establishing a preference for adoptive placement with grandparents). Therefore, the court ordered that "the permanency plan for [O.D.] be adoption by his grandmother, [C.C.]."

The petitioners now appeal from the circuit court's October 29, 2024, order establishing O.D.'s permanent placement. They raise five assignments of error, but their claims can be distilled into two discrete challenges.[3] First, the petitioners argue that the court erred in denying their motion to intervene. Second, they argue that the court erred in denying them permanent placement of O.D.

---

[3] The petitioners identify a sixth assignment of error, in which they claim that the circuit court erred in sustaining objections to testimony regarding O.D.'s best interests at the permanency hearing; however, they offered no argument in support, apparently abandoning the claim.

With respect to the petitioners' first challenge, "an order denying a motion to intervene in an abuse and neglect matter is a final appealable order with respect to the moving party." *In re G.S.*, 244 W. Va. 614, 618, 855 S.E.2d 922, 926 (2021); *see also In re P.F.*, 243 W. Va. 569, 573 n.4, 848 S.E.2d 826, 830 n.4 (2020) (rejecting guardian's assertion that the Court lacked jurisdiction because the order denying intervention was not a final appealable order). The circuit court entered its order denying the petitioners' motion to intervene on August 20, 2024. To appeal that order, Rule 11(b) of the West Virginia Rules of Appellate Procedure required that the petitioners file their notice of appeal and necessary attachments within thirty days of the order's entry. The petitioners did not file their notice of appeal until December 2, 2024, more than 100 days after the order's entry. Then, under the relevant portion of Rule 11(f), [u]nless otherwise provided by law, an appeal in an abuse and neglect case must be perfected within sixty days of the date the judgment being appealed was entered in the office of the circuit clerk." *See also* W. Va. R. P. for Child Abuse & Neglect Proc. 49 (providing same appeal deadlines). Because the petitioners' notice of appeal was not filed within the timeframe to perfect, the date the petitioners perfected—January 23, 2025—was unquestionably far outside the sixty-day timeframe to perfect their appeal. Consequently, the petitioners' challenge to the court's denial of their motion to intervene is untimely.

Moving to the petitioners' second challenge, as foster parents who were denied intervenor status (and who were never a concurrent placement), they lack standing to challenge the circuit court's permanent placement decision. As we determined in *In re H.W.*, 247 W. Va. 109, 875 S.E.2d 247 (2022), non-intervenor foster parents' ability to appeal is "limited to their role in the proceedings below as foster parents who requested, but were denied, intervenor status." *Id.* at 120, 875 S.E.2d at 258. More specifically, under *In re H.W.*, although the petitioners could have challenged the order denying them intervenor status, had that challenge been timely, "as non-parties they do not have standing to challenge the further rulings of the circuit court concerning the underlying abuse and neglect case." *Id.* Because the petitioners were denied intervention, they lack standing to challenge the court's permanent placement decision. *See also In re B.N.*, No. 24-477, 2025 WL 2781763 (W. Va. Sep. 30, 2025) (memorandum decision) (determining that the non-party petitioner could not challenge the court's dispositional decision).

For the foregoing reasons, we dismiss the petitioners' appeal.

Dismissed.

**ISSUED:** May 15, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Judge James W. Courrier Jr., sitting by temporary assignment

**DISQUALIFIED:**

Justice Gerald M. Titus III